UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

NICOLE M. WATSON,

        Plaintiff,

                                        Case No. 25-cv-1566-pp

    v.

FRANK J. BISIGNANO,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Federal law requires a person who files a complaint in federal court to pay $405—a filing fee of $350 (28 U.S.C. §1914(a)) and a $55 administrative fee (Judicial Conference of the United States District Court Miscellaneous Fee Schedule Effective the December 1, 2023, #14). To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's request indicates

1

that the plaintiff is not employed, she is not married and she has no

dependents she is responsible for supporting. Dkt. No. 2 at 1. The plaintiff

states that she has no wages or salary and that her only source of income is

$294 per month in food stamps. Id. at 2. The plaintiff lists no expenses other

than $632 per month in "other household expenses." Id. at 2-3. According to

the plaintiff, she owns a 2012 Nissan Altima worth approximately $1,690, she

does not own her home or any other property of value and she has no cash on

hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "I

cannot afford to pay this filing fee. I receive food stamps for groceries and I stay

with my family and they have been helping me with my living expenses." Id. at

4. The plaintiff has demonstrated that she cannot pay the $405 fee.

The next step is to determine whether the case is frivolous. A case is

frivolous if there is no arguable basis for relief either in law or in fact. Denton v.

Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319,

325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person

may obtain district court review of a final decision of the Commissioner of

Social Security. 42 U.S.C. §405(g). The district court must uphold the

Commissioner's final decision as long as the Commissioner used the correct

legal standards and the decision is supported by substantial evidence. See

Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied supplemental

security income and disability insurance benefits for lack of disability and that

she is disabled. Dkt. No. 1 at 1. The plaintiff alleges that the Administrative

Law Judge (1) failed to resolve a conflict between the vocational expert's testimony and the Dictionary of Occupational Titles and (2) failed to include all the plaintiff's limitations in his hypothetical query to the vocational expert, thus not meeting the step five burden to establish there are "other jobs" the plaintiff can perform. <u>Id.</u> at 2. The plaintiff contends that the denial of benefits by the Commissioner is not supported by substantial evidence. <u>Id.</u> At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 15th day of October, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3